MILES, BAUER, BERGSTROM & WINTERS, LLP
Tami S. Crosby, SBN 129021
1665 Scenic Avenue, Suite 200
Costa Mesa, CA 92626
714-481-8355;
714-481-9152 Facsimile

Attorneys for Plaintiff U.S. BANK NATIONAL ASSOCIATION
AS TRUSTEE FOR THE BENEFIT OF HARBORVIEW 2005-16
TRUST FUND

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: ALAN JAY BARON,<br><br>　　　　　　Debtor.<br><br>_____<br><br>U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE FOR THE BENEFIT OF HARBORVIEW 2005-16 TRUST FUND,<br><br>　　　　　　Plaintiff,<br>　　v.<br><br>ALAN JAY BARON, and DOES 1 through X<br><br>　　　　　　Defendants.<br>_____ | Chapter 13: SV 08-16222-KT<br>Adversary No. AD 08-01591 KT<br><br>**NOTICE OF MOTION AND MOTION FOR ORDER REMANDING CASE TO STATE COURT, FILED BY U.S. BANK NATIONAL ASSOCIATION**<br><br>(28 U.S.C. §§ 1441(a), 1447(c))<br><br>[Filed concurrently with the Memorandum of Points and Authorities, Declaration of Tami S. Crosby, and Request for Judicial Notice in support thereof]<br><br>Date:　　　January 6, 2009<br>Time:　　　11:00 a.m.<br>Courtroom:　301 |

**TO THE HONORABLE KATHLEEN THOMPSON, UNITED STATES BANKRUPTCY COURT JUDGE, AND TO DEBTOR AND DEFENDANT ALAN JAY BARON, PRO SE:**

　　**PLEASE TAKE NOTICE** that on January 6, 2009, at 11:00 a.m., in Courtroom 301 or as soon thereafter as the matter may be heard in the above-entitled Court, located at the U.S. Bankruptcy Court, Central District of California; 21041 Burbank Boulevard; Woodland Hills, CA 91367; Plaintiff U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE FOR THE BENEFIT OF HARBORVIEW

2005-16 TRUST FUND (hereinafter, "Plaintiff") will and hereby does, respectfully move this Court for an order remanding case to the State Court whence it originated.

The motion is made on the grounds that Plaintiff is entitled to a remand of this action because, as is more fully explained in the supporting Memorandum of Points and Authorities and the Supporting Request for Judicial Notice:

1. Removal was improper, in that this court lacks subject matter jurisdiction over this matter, because the case could not have been filed originally in Federal court (i.e., on diversity or Federal question grounds):

   a. Diversity jurisdiction does not exist because the matter in controversy does not exceed $75,000, exclusive of interest and costs, and the parties are not diverse. The Complaint contains a single claim for possession of residential real property under California Code of Civil Procedure § 1161 a. Plaintiff admits that the maximum damages that could be awarded on this claim do not exceed $75,000; and

   b. Federal matter jurisdiction does not exist because the Complaint does not present a claim or right arising under the Constitution, treaties, or laws of the United States. The Complaint contains a single claim for possession of residential real property under California Code of Civil Procedure § 1161a. This claim is grounded solely in the statutes of the State of California.

2. The Notice of Removal is untimely in that it fails to comply with 28 U.S.C. § 1446(b), which provides that notice of removal must be filed within thirty days after the removing defendant receives a copy of the initial pleadings.

///

///

1        This motion is based upon this notice of motion and motion, the accompanying memorandum of points and authorities in support thereof, all matters of which judicial notice may be taken; all pleadings, records, and files in this action; and any oral or written evidence or argument that the court may consider at the hearing on this motion.

Respectfully submitted,

                            Miles, Bauer, Bergstrom & Winters, LLP

Dated: December 12, 2008          /s/ Tami S. Crosby
                                 Tami S. Crosby
                                 Attorneys for U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE FOR THE BENEFIT OF HARBORVIEW 2005-16 TRUST FUND