**Lewis R. Landau** (CA Bar No. 143391)
**Attorney-at-Law**
23564 Calabasas Road, Suite 104
Calabasas, California 91302
Voice and Fax: (888) 822-4340
Email: Lew@Landaunet.com

Attorney for Alan Jay Baron, Defendant

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re<br><br>Alan Jay Baron,<br><br>                Debtor.<br><br>U.S. Bank National Association as Trustee for the Benefit of Harborview 2005-16 Trust Fund,<br><br>                Plaintiff,<br><br>vs.<br><br>Alan Jay Baron, and does I through X,<br><br>                Defendants. | Case No.: 1:08-16222 KT<br>Adv. No.: 1:08-01591 KT<br><br>Chapter 13<br><br>**RESPONSE IN OPPOSITION TO MOTION FOR ORDER REMANDING CASE TO STATE COURT**<br><br>Date: January 6, 2009<br>Time: 11:00 a.m.<br>Place: Courtroom 301; Judge Thompson<br>21041 Burbank Blvd., 3rd Floor<br>Woodland Hills, CA 91367 |

Alan Jay Baron ("Baron" or "Debtor") Chapter 13 Debtor and Defendant in the above captioned adversary proceeding herein responds in opposition to the "Motion for Order Remanding Case to State Court" ("Remand Motion") filed by U.S. Bank National Association as Trustee for the Benefit of Harborview 2005-16 Trust Fund ("US Bank"). The Debtor's opposition is contained in the following memorandum of points and authorities as supported by the concurrently filed Request for Judicial Notice ("RFJN") and exhibits thereto as well as documents identified by case docket number referenced herein.

1

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION TO RESPONSE

Alan Jay Baron is a debtor in good standing in a chapter 13 individual bankruptcy case pending before the Court. Mr. Baron filed his chapter 13 voluntary petition on August 22, 2008. A plan confirmation hearing is presently set for February 3, 2009 at 10:00 a.m. The property at the center of the dispute among the Debtor and US Bank is the Debtor's residence located at 29711 Harvester Road, Malibu, California 90265 ("Residence"). The Debtor not only resides in the Residence but also generates substantial income from the rental of a warehouse at the Residence, earning $3,000 monthly. The Debtor's rental income will be used to fund a chapter 13 plan. *See*, RFJN at Exhibit 1.

US Bank purportedly foreclosed on the Debtor's Residence on April 4, 2008. Thereafter, US Bank commenced an unlawful detainer action against the Debtor in the Los Angeles Superior Court ("LASC") Malibu Courthouse, case number 08R00036 ("Unlawful Detainer"). US Bank moved for relief from stay in the Debtor's case on the basis that the stay did not apply to US Bank's Unlawful Detainer action because an earlier chapter 13 case by Mr. Baron was dismissed. *See*, docket entry 15. The Debtor concurrently moved to extend the stay. *See*, docket entry 18. At a hearing held October 16, 2008, the Court found the Debtor's case was filed in good faith and that the stay should be extended to all creditors except US Bank. *See*, order entered October 28, 2008 [docket entry 26], RFJN Exhibit 2.

Although late in the process, the Debtor finally was able to employ counsel to investigate the validity of the US Bank foreclosure sale after the stay was relieved. The Debtor then discovered that although US Bank was the owner of the mortgage loan, US Bank failed to obtain and record an assignment of the Countrywide originated mortgage until after the foreclosure sale was completed. In fact, US Bank did not record an assignment of the mortgage until April 16, 2008: ***12 days after the foreclosure sale and only an instant before its Trustee's Deed upon Sale ("Trustee's Deed") was recorded***. Under California Civil Code § 2932.5 only an assignee that

2

has recorded an assignment can foreclosure upon a deed of trust. US Bank's failure to duly record its assignment renders the foreclosure void *ab initio*.

Based on the foregoing findings, the Debtor filed a complaint against US Bank, ReconTrust Company, N.A. (the foreclosure trustee) and Mortgage Electronic Registration Systems, Inc. ("MERS") (the assignee to US Bank) for declaratory relief, quiet title, wrongful foreclosure and breach of fiduciary duty ("Complaint"). The complaint was assigned case number 1:08-01590 KT and is pending before this Court with a status conference set for January 20, 2009 at 3:00 p.m, contemporaneously with a removal status conference in the within case. A true and correct copy of the Debtor's Complaint is attached as RFJN Exhibit 3. Immediately after the Debtor filed the Complaint, and based on the obvious connection among the two proceedings, the Debtor removed the Unlawful Detainer case which is the subject of US Bank's Remand Motion. At this time, all defendants have defaulted in responding to the Complaint and the clerk has entered the defendants' default. *See*, RFJN Exhibit 4.

Although the Debtor's Residence is clearly a central element of his chapter 13 case and all of the defendants have defaulted in the Debtor's action to void the foreclosure sale, US Bank now seeks to remand the Unlawful Detainer case alleging that there is no federal court jurisdictional basis for this Court to retain the Unlawful Detainer. ***US Bank's Remand Motion is so far detached from the reality of these circumstances that it clearly should be deemed frivolous.*** As will be shown herein, not only is there a clear jurisdictional basis for this Court to retain and determine the Unlawful Detainer, but the Unlawful Detainer is a core proceeding. Consequently, there is an express jurisdictional basis for this Court to retain the Unlawful Detainer case.

Once Bankruptcy Court jurisdiction is established, US Bank must show that under the fourteen (14) factor equitable remand analysis, it is more equitable for this proceeding to be tried in the LASC. Here, US Bank has utterly failed to even cite the fourteen (14) remand factors no less argue them or offer any evidence to support equitable remand. The Debtor strenuously objects, in advance, to any attempt by US Bank to make its argument for equitable remand in its reply papers. US Bank's motion fails to make any case for equitable remand and the motion should be *denied with prejudice*.

3

## II.

## PROCEDURAL IRREGULARITIES IN US BANK'S REMAND MOTION REQUIRING THE DENIAL WITH PREJUDICE OF THE MOTION

While US Bank's Remand Motion has the sheen of legitimacy, there are numerous procedural irregularities in US Bank's papers and actions in this case. These irregularities confirm that US Bank's motion is nothing more than a generic remand brief likely filed in another federal court litigation matter; but without any validity in this case. US Bank's failure to file a motion directed to the merits of the case before this Court is but another example of the frivolousness of US Bank's position. These actions confirm that US Bank threw together and filed a motion for no purpose other than to harass the Debtor and its counsel over the Christmas and New Year holiday periods. The irregularities in US Bank's Remand Motion and actions in this adversary proceeding are as follows:

### A. Failure to Cite Bankruptcy Jurisdiction Statutes.

Perhaps the most glaring deficiency in US Bank's papers is its failure to cite, even once, 28 U.S.C. § 1334(b). 28 U.S.C. § 1334 is the fundamental federal court jurisdictional statute for bankruptcy cases and proceedings as follows:

> **§ 1334. Bankruptcy cases and proceedings**
> (a) Except as provided in subsection (b) of this section, the district courts shall have original and exclusive jurisdiction of all cases under title 11.
> (b) Except as provided in subsection (e)(2), and notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.

28 U.S.C. § 1334(a) and (b).

Instead, US Bank's Remand Motion is based on the lack of diversity jurisdiction and the lack of federal question jurisdiction. However, both of these federal jurisdictional bases are *absolutely irrelevant* to the matter at bench. In this case there can be no legitimate question that bankruptcy jurisdiction exists under the Ninth Circuit's "any conceivable affect" test. See, In re Fietz, 852 F.2d 455, 457 (9th Cir. 1988) (adopting "conceivable effect" test of Pacor, Inc. v. Higgins, 743 F. 2d 984, 994 (3rd Cir. 1984).

Since US Bank's Remand Motion fails to address the jurisdictional basis alleged in the Debtor's Notice of Removal, 28 U.S.C. § 1334(b) and the applicable standards for bankruptcy jurisdiction, the Remand Motion should be *denied with prejudice*.

**B.  Failure to Cite Bankruptcy Removal Statute.**

Next, US Bank argues that the Debtor's Notice of Removal was untimely under 28 U.S.C. § 1446(b) because removal was not effected within 30 days of service.  Similarly to US Bank's failure to even mention the bankruptcy jurisdictional statute, US Bank ignores the bankruptcy removal statute contained in Federal Rule of Bankruptcy Procedure ("FRBP") 9027.  FRBP 9027(a)(2) provides that the Debtor has 90 days from commencement of his chapter 13 case to remove an action that was commenced before the filing of his chapter 13 case.

Here, the Debtor filed his chapter 13 case on August 22, 2008.  The Notice of Removal was filed on November 12, 2008, well within the 90 day deadline for removal.

Again, US Bank has asserted a frivolous position in arguing that the Debtor failed to timely remove the Unlawful Detainer action.  For all these reasons, the Remand Motion should be *denied with prejudice*.

**C.  Failure to File 10 Day Statement Contesting Core Allegation.**

In the Debtor's Notice of Removal, and in accordance with FRBP 9027(a)(1), the Debtor clearly alleged that the removed action is a core proceeding.  Pursuant to FRBP 9027(e)(3), US Bank was thereafter required to file an opposing statement contesting the Debtor's core jurisdictional allegation and, if so, whether US Bank consents to entry of a final judgment by this Court.  US Bank's statement was due within 10 days of filing the Notice of Removal and must be signed pursuant to Rule 9011.  *See*, FRBP 9027(e)(3).

US Bank defaulted in its statutory obligation to contest the Debtor's allegation that the removed Unlawful Detainer action is a core proceeding.  US Bank defaulted in its statutory obligation to admit whether it contests entry of judgment by this Court.  Based on the allegations contained in the Debtor's uncontested Notice of Removal, the Court should therefore find that the Unlawful Detainer is a core proceeding and that this Court may enter a final judgment in the matter.

5

For all these reasons, the Remand Motion should be *denied with prejudice*.

**D. Failure to Serve Debtor's Counsel.**

Pursuant to the proof of service of the Debtor's Remand Motion, US Bank failed to serve either of the Debtor's two (2) attorneys. Apparently, US Bank somehow believed that the Debtor was in pro per even though he has two (2) attorneys; one in his bankruptcy case and one in this adversary proceeding.

Vahak Papasian ("Papasian") is the Debtor's general counsel representing the Debtor in his chapter 13 bankruptcy case. Lewis R. Landau ("Landau") is the Debtor's special litigation counsel in this adversary proceeding. Landau received notice through the Court's ECF system and was not prejudiced by US Bank's failure to acknowledge service. However, Papasian is not registered as counsel in this adversary proceeding and therefore did not receive notice through ECF.

US Bank's failure to acknowledge that the Debtor is represented by counsel is a further procedural irregularity confirming that US Bank failed to duly investigate this matter before simply filing a frivolous motion. For all these reasons, the Remand Motion should be *denied with prejudice*.

**E. Failure to Cite Equitable Remand Factors.**

Once bankruptcy court jurisdiction is established, the proper question is whether the Court should equitably remand the case or in the alternative, consider permissive abstention. First, in regard to abstention, the law is clear in the Ninth Circuit that abstention can only exist as a remedy where a parallel state proceeding remains pending. Because removal extinguishes the state court proceeding, abstention is simply unavailable as a remedy. See, Maya, LLC v. Cytodyn of New Mexico, Inc. (In re Cytodyn of New Mexico, Inc.), 374 B.R. 733, 737-738 (Bankr. C.D. Cal. 2007).

Remands are analyzed under the fourteen (14) factor test applicable to the equitable remand analysis. The fourteen (14) equitable remand factors are as follows:

1. The effect or lack thereof on the efficient administration of the estate if a court recommends remand;
2. The extent to which state law issues predominate over bankruptcy issues;

3. The difficulty or unsettled nature of the applicable law;
4. The presence of a related proceeding commenced in state court or other non-bankruptcy court;
5. The jurisdictional basis, if any, other than 28 U.S.C. § 1334;
6. The degree of relatedness or remoteness of the proceeding to the main bankruptcy case;
7. The substance rather than form of an asserted "core" proceeding;
8. The feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court;
9. The burden on the bankruptcy court's docket;
10. The likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties;
11. The existence of a right to a jury trial;
12. The presence in the proceeding of nondebtor parties;
13. Comity;
14. The possibility of prejudice to other parties in the action.

See, e.g., Citigroup, Inc. v. Pacific Inv. Mgmt. Co. (In re Enron Corp.), 296 B.R. 505, 508 (C.D. Cal. 2003) (the fourteen (14) factors can be summed up as stating the principle that when a state court proceedings sounds in state law and bears a limited connection to the debtor's case, remand is compelling).

Herein, the equitable remand factors do not support remand and, of course, US Bank makes absolutely no showing on any of these factors because US Bank has not even addressed the proper issue. Because of the relatedness of the Unlawful Detainer action to the now defaulted declaratory relief, quiet title and wrongful foreclosure action, it makes absolutely no sense to remand the Unlawful Detainer to the LASC and allow it to run its course while title to the Debtor's Residence is in process of being restored in this Court in adversary proceeding number 1:08-01590 KT. Plus, the Debtor's possession of his Residence is a central issue to his chapter 13 case because the Residence will fund the chapter 13 plan and the Residence, once restored, will become the Debtor's most significant asset. Debtor alleged that the Unlawful Detainer is a core proceeding in his Notice of Removal and US Bank defaulted in filing its removal statement contesting the core nature of the removed action.

Each of the 14 remand factors is analyzed separately as follows:

///

7

### 1. The effect or lack thereof on the efficient administration of the estate if a court recommends remand.

If the Unlawful Detainer is remanded there is a distinct possibility of either inconsistent results between the adjudication of Unlawful Detainer in state court and the adjudication of the declaratory relief, quiet title and wrongful foreclosure action in the Bankruptcy Court. Both cases are determined based on the invalidity of the foreclosure sale. Remand thus results in a highly inefficient administration of the estate. Adjudicating the same fundamental claim in two different forums is anything but efficient. Thus, this factor supports denying the Remand Motion.

### 2. The extent to which state law issues predominate over bankruptcy issues;

In this case, state law issues are intertwined with bankruptcy issues. While the Unlawful Detainer is essentially a state law eviction action, the Debtor's action to void the foreclosure sale is an action to recover property of the estate. Since the eviction is based entirely on the validity of the foreclosure sale, the two matters are fully interdependent. Thus, this factor does not favor granting the Remand Motion.

### 3. The difficulty or unsettled nature of the applicable law;

This factor does not favor either party.

### 4. The presence of a related proceeding commenced in state court or other non-bankruptcy court;

This factor does not favor either party. While the Unlawful Detainer complaint was originally filed in the Superior Court, it is now pending before this Court. In fact, the presence of the related proceeding in this Court supports retaining the unlawful detainer case in this Court. Thus, this factor supports denial of the Remand Motion.

### 5. The jurisdictional basis, if any, other than 28 U.S.C. § 1334;

The only jurisdictional basis is § 1334. This factor is neutral. Again, US Bank failed to timely respond to the jurisdictional allegations of the Debtor's Notice of Removal.

///
///
///

**6. The degree of relatedness or remoteness of the proceeding to the main bankruptcy case;**

Here, the unlawful detainer complaint is closely related to the Debtor's main bankruptcy case and adversary proceeding number 1:08-01590 KT. Thus, this factor supports denial of the Remand Motion.

**7. The substance rather than form of an asserted "core" proceeding;**

The unlawful detainer complaint is in substance a core proceeding because it necessarily determines the Debtor's entitlement to possession of the Residence. Pursuant to 28 U.S.C. § 157(b)(2)(E), (K), (M) and (O), matters concerning the adjudication of assets of the estate and the extent of liens thereon are classic core proceedings. Here, the unlawful detainer complaint necessarily triggers a determination of whether the foreclosure sale was validly consummated. If not, the Debtor continues to own the Residence because the foreclosure sale is void *ab initio*. Thus, this factor supports denial of the Remand Motion.

**8. The feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court;**

In this case, state law issues are intertwined with bankruptcy issues. Severance is not feasible. Thus, this factor supports denial of the Remand Motion.

**9. The burden on the bankruptcy court's docket;**

The Debtor defers to the Court's consideration of its docket regarding the burden this case presents.

**10. The likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties;**

The Debtor is not forum shopping. The Debtor filed his declaratory relief, quiet title and wrongful foreclosure adversary proceeding in the Bankruptcy Court based on the Debtor's pending chapter 13 case and the need to adjudicate these issues as part of the Debtor's overall reorganization under chapter 13. Since the declaratory relief, quiet title and wrongful foreclosure action is properly before this Court, the unlawful detainer action is likewise properly before this Court. The Debtor's chapter 13 case is in good standing and the Court earlier found that the

Debtor's case was filed in good faith. *See*, RFJN Exhibit 1. This factor therefore does not support the Remand Motion.

**11. The existence of a right to a jury trial;**

Jury trial issues are not applicable to this proceeding.

**12. The presence in the proceeding of nondebtor parties;**

There are no "outsiders" involved in this case. This factor is neutral.

**13. Comity;**

The Ninth Circuit Court of Appeals recently explained the comity principle as follows:

> "Under the principles of comity, federal courts of equity should exercise their discretionary power with proper consideration for the independence of state government in carrying out its governmental functions. However, comity is a doctrine of discretionary abstention." *City & County of San Francisco v. Assessment Appeals Bd. for the City & County of San Francisco, No. 1*, 122 F.3d 1274, 1277 (9th Cir. 1997) (citing *Freehold Cogeneration Assocs. v. Bd. of Regulatory Comm'rs*, 44 F.3d 1178, 1187 n.6 (3d Cir. 1995)). It is not clear to what extent comity remains an independent basis for abstention, available even when none of the settled comity-based abstention doctrines such as *Burford* and *Colorado River* apply.

Hawthorne Financial Corp. v. Reliance Insurance Company of Illinois, 2006 U.S. App. LEXIS 829, *42 (9th Cir 2006).

Here, principles of comity play no role. US Bank filed a typical unlawful detainer action. If anything, principles of comity support the consolidation of the proceedings in Bankruptcy Court as this Court has ultimate jurisdiction over the entire chapter 13 process and the related adversary proceeding to determine title to the Residence. This factor does not support the Remand Motion.

**14. The possibility of prejudice to other parties in the action.**

There is no possibility of prejudice to other parties. Thus, this factor does not support the Remand Motion.

Based on an evaluation of the fourteen (14) equitable remand factors, none support the remand of the Unlawful Detainer complaint. The Unlawful Detainer complaint and the related

quiet title adversary proceeding should be adjudicated together and the result then becomes a critical part of the Debtor's chapter 13 case.

As previously stated, the Debtor strenuously objects in advance to any attempt by US Bank to offer what should have been opening arguments and evidence in its reply papers. Because US Bank has utterly failed to make its case supporting remand, the Court should deny the Remand Motion *with prejudice*.

### F. Failure to Address Adversary Proceeding 1:08-01590 KT.

Finally, US Bank's Remand Motion addresses only the Debtor's removal of the Unlawful Detainer and utterly ignores related adversary proceeding 1:08-01590 KT. Adversary proceeding 1:08-01590 KT is a declaratory relief, quiet title and wrongful foreclosure action that results in an absolute defense to the Unlawful Detainer action. If the foreclosure sale is void *ab initio*, then there is no basis for evicting the Debtor from his Residence. As mentioned above, US Bank has defaulted in adversary proceeding 1:08-01590 KT and a motion for default judgment will follow in advance of the January 20, 2009 status conference.

For all these reasons, the Remand Motion should be *denied with prejudice*.

## III.

## THE COURT SHOULD CONSIDER INITIATING SANCTIONS PROCEEDINGS BASED ON THE FRIVOLOUSNESS OF US BANK'S MOTION

As shown above, US Bank's Remand Motion is frivolous. The Remand Motion asserts claims and contentions that simply do not apply to the Debtor's case and there is no possible basis for asserting that such claims and contentions do apply. US Bank's Remand Motion was filed to overlap the Christmas and New Year holiday periods, even though US Bank could have filed its motion to be heard concurrently with the January 20, 2009 status conference in this adversary proceeding. All of these actions strongly suggest that US Bank's Remand Motion was filed for an improper purpose, such as to harass the Debtor or cause unnecessary delay or needlessly increase the cost of litigation.

This is a David and Goliath circumstance. In this case, a chapter 13 debtor is fighting to save his home from one of the largest banks in the United States. In these circumstances, the

Court should not hesitate to impose sanctions against US Bank which serve the purpose of both compensating the Debtor for US Bank's wrongful Remand Motion and as a deterrent to keep US Bank from asserting unconscionable positions against other debtors that may not have the means to respond as forcefully as set forth herein. FRBP 9011 provides the Court with the means to effect sanctions as follows:

> **Rule 9011. Signing of Papers; Representations to the Court; Sanctions; Verification and Copies of Papers**
>
> *(b) Representations to the court.*
> By presenting to the court (whether by signing, filing, submitting, or later advocating) a petition, pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,—
> (1) ***it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation***;
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
> (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.
> *(c) Sanctions.*
> If, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated, the court may, subject to the conditions stated below, impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision (b) or are responsible for the violation.
> (1) How initiated.
> (A) By motion. A motion for sanctions under this rule shall be made separately from other motions or requests and shall describe the specific conduct alleged to violate subdivision (b). It shall be served as provided in Rule 7004. The motion for sanctions may not be filed with or presented to the court unless, within 21 days after service of the motion (or such other period as the court may prescribe), the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected, except that this limitation shall not apply if the conduct alleged is the filing of a petition in violation of subdivision (b). If warranted, the court may award to the party prevailing on the motion the reasonable expenses and attorney's fees incurred in presenting or opposing the motion. Absent exceptional circumstances, a law firm shall be held jointly responsible for violations committed by its partners, associates, and employees.
> ***(B) On court's initiative. On its own initiative, the court may enter an order describing the specific conduct that appears to violate subdivision (b) and***

*directing an attorney, law firm, or party to show cause why it has not violated subdivision (b) with respect thereto.*
(2) Nature of sanction; limitations.
*A sanction imposed for violation of this rule shall be limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated. Subject to the limitations in subparagraphs (A) and (B), the sanction may consist of, or include, directives of a nonmonetary nature, an order to pay a penalty into court, or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of some or all of the reasonable attorneys' fees and other expenses incurred as a direct result of the violation.*
(A) Monetary sanctions may not be awarded against a represented party for a violation of subdivision (b)(2).
(B) Monetary sanctions may not be awarded on the court's initiative unless the court issues its order to show cause before a voluntary dismissal or settlement of the claims made by or against the party which is, or whose attorneys are, to be sanctioned.
(3) Order. When imposing sanctions, the court shall describe the conduct determined to constitute a violation of this rule and explain the basis for the sanction imposed.

FRBP 9011 (in relevant part; emphasis added).

The Debtor believes the Court should, on its own motion, set a further hearing to initiate a sanction proceeding based on the frivolous nature of US Bank's Remand Motion.

### IV.

### CONCLUSION

Based on all the foregoing, the Debtor respectfully requests that the Court *deny* US Bank's Remand Motion with prejudice and grant such other and further relief as the Court may deem appropriate under the circumstances, including but not limited to issuing an order to show cause under FRBP 9011(c)(1)(B) for further proceedings related to monetary sanctions for the frivolousness of US Bank's Remand Motion.

Dated: December 23, 2008          **Lewis R. Landau**
                                                     **Attorney at Law**

                                                     By:*/s/ Lewis R. Landau*
                                                     Lewis R. Landau
                                                     Attorney for Defendant

| In re: | CHAPTER | 13 |
|---|---|---|
| Alan Jay Baron Debtor(s). | CASE NUMBER | 1:08-16222 KT |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
23564 Calabasas Road, Suite 104, Calabasas, CA 91302

The foregoing document described as ___RESPONSE IN OPPOSITION TO MOTION___
___FOR ORDER REMANDING CASE TO STATE COURT___
_____ will be served or was served in the manner indicated below:

**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On ___12/23/08___ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

Tami S Crosby    tcrosby@mileslegal.com
United States Trustee (SV)    ustpregion16.wh.ecf@usdoj.gov

☐ Service information continued on attached page

**SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served)**:**
On _____ I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope with postage thereon fully prepaid in the United States Mail and/or with an overnight mail service addressed as follows:

☐ Service information continued on attached page

**SERVED BY FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to Fed. R. Civ. Proc. 5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies), who consented in writing to such service method, by facsimile transmission and/or email as follows:

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 12/23/08 | Lewis R. Landau | /s/ Lewis R. Landau |
|---|---|---|
| *Date* | *Type Name* | *Signature* |